UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DATA PROTECTION SERVICES, LLC,**

        **Plaintiff,**

**v.**                                            **Case No:  6:19-cv-978-Orl-41LRH**

**C-SEVEN MEDIA, INC. and
TEFINCOM S.A.,**

        **Defendants.**
_____/

## ORDER

THIS CAUSE is before the Court upon *sua sponte* review. On May 24, 2019, Plaintiff filed

an Amended Complaint (Doc. 6), alleging that this Court has subject matter jurisdiction pursuant

to 28 U.S.C. § 1332. "A federal court not only has the power but also the obligation at any time to

inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald*

*v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (per curiam). For this Court to

properly exercise jurisdiction under § 1332, complete diversity must exist at the time of filing. *See*

*Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570–71 (2004); *Triggs v. John Crump*

*Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

In the Complaint, Plaintiff alleges that it is a "Florida Limited Liability Company organized

under the laws of the State of Florida, with its principal place of business in Orange County,

Florida." (Doc. 6 ¶ 7). But citizenship of a limited liability company is determined by the

citizenship of each member, as opposed to the state of formation or its principal place of business.

*Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir.

2004). The Complaint, therefore, fails to sufficiently allege Plaintiff's citizenship because it does not allege the citizenship of each of its members.

Additionally, Plaintiff alleges that Defendant Tefincom S.A. d/b/a NordVPN ("NordVPN") "is a Panamanian corporation, organized under the laws of the Republic of Panama." (Doc. 6 ¶ 9). "The federal diversity jurisdiction statute provides that 'a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) (emphasis omitted) (quoting 28 U.S.C. § 1332(c)(1)). Plaintiff has not alleged Defendant NordVPN's principal place of business. Thus, the Complaint fails to sufficiently allege Defendant NordVPN's citizenship.

Accordingly, it is **ORDERED** that Plaintiff shall **SHOW CAUSE on or before June 14, 2019**, as to why this case should not be dismissed for lack of subject matter jurisdiction. Failure to do so may result in the dismissal of this case without further notice.

**DONE** and **ORDERED** in Orlando, Florida on May 31, 2019.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record